IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER BALODIMAS,** )<br>No. R54015, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**STEVE B. DUNCAN, and** )<br>**C/O MCCORMICK,** )<br>)<br>Defendants. ) | Case No. 14-cv-00484-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Christopher Balodimas, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on race-based name-calling, harassment and discrimination.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

### The Complaint

According to the complaint, on March 8, 2014, Defendant C/O McCormick questioned whether Plaintiff was going out to the gym when his privileges had been revoked. Plaintiff

informed McCormick that his gym and yard privileges had been restored, but McCormick replied, "You're a [f'ing] liar and I got your white/nigger ass next week." Plaintiff secured documentation indicating that his gym/yard privileges had been restored. When he attempted to show McCormick the information, McCormick asserted in not so subtle terms that he had contradictory information and that Plaintiff's documentation did not mean anything. Plaintiff was told to "move his black ass" out of McCormick's office. When Plaintiff continued to question why McCormick would not admit that he had been mistaken, McCormick replied, "Tough shit, nigger, and I am at your ass."

On March 15, 2014, when Plaintiff attempted to leave his cell to go to the gym, McCormick told him to lock up. McCormick then refused Plaintiff's request to speak to a supervisor, referring to Plaintiff as a "monkey-ass nigger." Plaintiff felt humiliated and disrespected.

On March 22, 2014, Plaintiff again attempted to leave his cell for gym and McCormick made him wait while inmates were counted. McCormick stated, "nigger, you owe me from last weekend." Plaintiff proceeded to head to the gym and, as he passed McCormick, McCormick smiled and commented, "I got your nigger ass."

At an unspecified time—presumably while Plaintiff was in the gym—McCormick was in Plaintiff's cell. When Plaintiff returned, there were clothes and personal belongings all over the floor; Plaintiff's television was broken, and items were missing.

According to the complaint, Assistant Warden of Operations, defendant Steve B. Duncan, is legally responsible for the operation of Lawrence Correctional Center and the welfare of its inmates. Duncan was made aware of what was occurring, having been sent notice in April that

Plaintiff had requested the Illinois State Police investigate McCormick's racial harassment and discrimination.

## Discussion

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss this action, albeit without prejudice.

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.,* 182 F.3d 532, 534–535 (7th Cir. 1999) (stating that Section 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under Section 1983).

Although exhaustion of administrative remedies is an affirmative defense and not a pleading requirement, the Supreme Court has recognized that a plaintiff can still plead himself out of court on such a basis, as with any affirmative defense, such as a statute of limitations. *Jones v. Bock*, 549 U.S. 199, 211-212, 215 (2007); *see also Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004). The complaint clearly shows that the administrative process was not completed; rather, Plaintiff sought relief from the State Police. Also, there is no indication administrative remedies were unavailable.

Citing to Exhibits B and C of the complaint, Plaintiff asserts under the caption "Exhaustion of Administrative Remedies" that he "tried to solve the problem." The documentation attached to the complaint (Doc. 1-1, pp. 3-19) reflects that Plaintiff presented two informal requests to staff trying to determine the date on which his gym/yard privileges were

restored (Doc. 1-1, p. 3).  He also filed three administrative grievances regarding the incidents with C/O McCormick (Doc. 1-1, pp. 4-9 (Exhibit B)).  On April 21, 2014, Plaintiff's counselor responded to each grievance, not affording Plaintiff any relief.  On an unspecified date in April, 2014, Plaintiff filed a request with the Illinois State Police seeking an investigation (Doc. 1-1, pp. 10-13).  On April 24, 2014, Plaintiff signed and sent in the Section 1983 complaint, which was formally filed April 28, 2014.

The Illinois Department of Corrections employs a three-step grievance process in which an inmate (1) grieves a matter to a prison counselor; (2) then engages in an institutional-level review, and (3) finally appeals to the Administrative Review Board.  20 Ill. Admin. Code §§ 504.810(a), 504.850(a).  Plaintiff has spelled out what steps he took to remedy the situation (complete with documentation), clearly showing that he did not complete the prescribed administrative remedy process. Plaintiff satisfied the first step and then proceeded to seek an investigation from the State Police, which is not a part of the administrative review process.  There can be no doubt that in the three days between when the counselor denied his grievances and when Plaintiff sent in the complaint that he pursued a grievance through a grievance officer, the chief administrative officer of the prison, and completed the appeal to the Administrative Review Board.

For these reasons, the complaint will be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit, as required under Section 1997e(a).  Consequently, the Court will not delve into whether the complaint states a colorable constitutional claim.

### The Filing Fee

Plaintiff is advised that the obligation to pay the filing fee for this action was incurred at the time the complaint was filed, thus the filing fee of $350.00 remains due and payable, even

though this action is being dismissed.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1997e(a).  Judgment shall enter accordingly and the Clerk of Court shall close this case.  The Clerk shall also have the record reflect that Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED:  May 21, 2014

        s/ *Michael J. Reagan*
        **MICHAEL J. REAGAN**
        **UNITED STATES DISTRICT JUDGE**